## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

| | | |
|---|---|---|
| ROBERT TOM | ) | |
| | ) | |
| Plaintiff | ) | CASE NO.:   1:20-CV-22726-XXXX |
| | ) | |
| v. | ) | |
| | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | COMPLAINT |
| COMMISSION and JANET DHILLON, CHAIR | ) | WITH JURY TRIAL DEMAND |
| OF THE EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION | ) | |
| | | |
| Defendant(s) | | |

_____/

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful discrimination in federal employment practices on the basis

of sex and retaliation, and to provide appropriate relief to Plaintiff Robert Tom and a class of

similarly situated males who were adversely affected by such practices.

As alleged with greater particularity below, Plaintiff ROBERT TOM ("**PLAINTIFF**"

and/or "**Plaintiff TOM**") and similarly situated male employees alleges that he was subjected to

ongoing harassment (sexual and non-sexual) and a hostile work environment by the Equal

Employment Opportunity Commission ("**Defendant**" or "**Defendant EEOC**") and Chair of the

Equal Employment Opportunity Commission Janet Dhillon ("**Defendant DHILLON**")

(collectively, "**DEFENDANTS**") when Defendants were aware of and permitted Enforcement

Supervisor Katherine Gonzalez ("Supervisor GONZALEZ") to discriminate against Plaintiff, and

other similarly situation male employees, on the bases of sex (male), when, from 2015 to the

present, which created a hostile work environment. Additionally, Defendants retaliated against Plaintiff TOM for opposing such practices by, in part, refusing to investigate the claims, withholding promotions, changing his schedule, and frustrating his workload and taking actions that threatened his employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3), and Section 717(c) of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000e-16(c), 2000e-5(f)(1) and (3) et seq. ("Title VII") and section 102 of the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791, the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq. and Ch. 760, Florida Statute of the Florida Civil Rights Act.

2.      Venue is proper in the United State District Court for the Southern District of Florida, Miami Division, pursuant to 42 U.S.C., 2000e-5(f)(3).  In addition, venue is proper herein as the primary actions complained of either occurred within or were directed within the geographical boundaries of the Miami, Florida (Southern District of Florida); and pursuant to 28 U.S.C. Section 1391(e).

## PARTIES

3.      Plaintiff TOM is a Hispanic male currently domiciled in Miami, Florida, and who for all times relevant herein has been employed on a full-time basis as an employee of the United States Equal Employment Opportunity Commission ("EEOC").  At those times relevant to the

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

subject of this lawsuit, Plaintiff TOM was assigned for his professional work to the Miami District Office, a field office within the Miami District of the EEOC located at 100 SE 2nd Street, Suite 1500, Miami, FL 33131 ("MIDO").

4.      At all relevant times, Defendant EEOC has continuously been a Federal Agency doing business in the State of Florida and within the City of Miami and has continuously had at least 15 employees.  At those times relevant to the subject of this lawsuit, Plaintiff TOM was employed by and assigned for his professional work MIDO.

5.      Defendant DHILLON is the Chair of the EEOC and, as such, is the Defendant only in her official capacity as the Chair of the Defendant EEOC.  Defendant DHILLON is the senior Executive Branch federal official responsible for the actions of the United States Equal Employment Opportunity Commission, which is the principal subject of the allegations made herein, and which is located at 131 M St. NE, 6th Floor, Washington, DC 20507.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES/CONDITIONS PRECEDENT**

6.      From approximately 2015 to the present, Plaintiff TOM suffered from continuing violations and discrimination by Defendants as outlined in more detail herein.

7.      At all times material hereto, Plaintiff TOM was misled by Defendants into allowing any applicable statutory periods to lapse.

8.      Plaintiff TOM, and other similarly situated individuals, advised the EEOC of complaints of unlawful sexual harassment, discrimination based on sex and retaliation since approximately 2012.

9.      Plaintiff TOM, and other similarly situated individuals, timely initiated the involvement of the Equal Employment Opportunity (EEO) Office.

10.      Plaintiff TOM was issued the Notice of Right to File a Formal Complaint. Plaintiff

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

TOM timely filed a formal EEO complaint.

11.     More than thirty (30) days prior to the institution of this lawsuit, Plaintiff TOM filed a charge with the Commission alleging violations of Title VII by Defendant EEOC.

12.     Plaintiff submitted charges of discrimination to Defendant EEOC within 180 days of the discrimination against them.

13.     Prior to the institution of this lawsuit, Defendant EEOC and Defendant DHILLON issued letters of determination on April 6, 2020 finding reasonable cause to believe that Plaintiff TOM was subjected to harassment and retaliation by Defendants.

14.     Prior to the institution of this lawsuit, Defendant EEOC, Defendant DHILLON and/or representatives failed/refused to attempt to eliminate the unlawful employment practices alleged below and to effect Defendant's voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

15.     Thus, all conditions precedent to bringing this action have been performed or occurred.

## **STATEMENT OF FACTS**

### A.  **Harassment**

16.     In August 2015, the Agency hired Plaintiff TOM as an Office Automation Assistant (OAA).at the MIDO.

17.     As an OAA, Plaintiff assisted all the Enforcement Supervisors in the office, including Supervisor GONZALEZ.

18.     Plaintiff, and other similarly situated individuals, including but not limited to Mario Hernandez and Juan Nieves, were subjected to ongoing harassment (sexual and non-sexual) and a

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

hostile work environment by Supervisor Katherine Gonzalez ("Supervisor GONZALEZ"), a former MIDO Enforcement Supervisor and Defendants, on the bases of sex (male); national origin (Hispanic) and disability (post-traumatic stress disorder (PTSD) from 2015 to the present.

19.     Plaintiff and other similarly situated individuals, including but not limited to Mario Hernandez and Juan Nieves, was subjected to unwanted, unsolicited sexual advances by Supervisor GONZALEZ.  Indeed, Supervisor GONZALEZ would engage in "grooming," in which she would use her position as a Supervisor and Plaintiff TOM's disability to force him and other similarly situated individuals, including but not limited to Mario Hernandez and Juan Nieves, into a non-consensual sexual relationship.

20.     Specifically, Supervisor GONZALEZ's offensive conduct was severe and pervasive enough to create an objectively hostile or abusive work environment for Plaintiff TOM at MIDO. Specifically, the offensive conduct included but was not limited to the following:

  a.  Defendants were on notice since 2012 that Supervisor GONZALEZ engaged in offensive sexual harassment of her subordinates.

  b.  In 2015, Supervisor GONZALEZ began to engage in flirtatious behavior, using her position as his supervisor to pressure him to attend happy hours and long lunches (lasting two to three hours each).

  c.  Supervisor GONZALEZ would use her position of power to make Plaintiff TOM and similar situated employees, perform personal errands for her such as, buy red bull energy drinks, order, retrieve and deliver meals, compel that the employees utilize their own money to pay for the items and to pick up and deliver items from her vehicle.

  d.  Supervisor GONZALEZ began going into Plaintiff TOM's office and would engage in sexual acts. Initially, Plaintiff TOM resisted Supervisor GONZALEZ

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

attempts at sexual contact at the office. Plaintiff was afraid of losing his job.

e.  Supervisor GONZALEZ would touch Plaintiff TOM, and when he would remove her hand, Supervisor GONZALEZ would quickly place her hand on another part of his body or unzip his pants.

f.  Supervisor GONZALEZ would touch Plaintiff TOM's leg or put her hands on his shoulders at the office and at lunches.

g.  Supervisor GONZALEZ would constantly invite Plaintiff TOM to happy hours at bars and/or lounges.

h.  Supervisor GONZALEZ would constantly ask Plaintiff TOM for a "besito" (kiss) and would kiss Plaintiff TOM.

i.  Supervisor GONZALEZ would constantly attempt to touch his intimate body areas and rub his shoulders/neck.

j.  Supervisor GONZALEZ would send Plaintiff TOM repeated and inappropriate text messages unrelated to work matters.

k.  Supervisor GONZALEZ would visit Plaintiff TOM's office for lengthy periods of time and engage in unwanted sexual contact if he would not go out with her.

l.  Supervisor GONZALEZ would summon Plaintiff TOM into her office calling for lengthy periods of time and demanded that he engage in sexual intercourse with her and, when Plaintiff TOM refuse, she confirmed, "If you done, I will yell, and you will get in trouble."

m.  Supervisor GONZALEZ demanded all of Plaintiff TOM's attention and would punish him if he spoke to other women at work.

n.  Supervisor GONZALEZ would constantly state and remind Plaintiff TOM that he was only hired because of her and that when she saw him, she, "had to have" Plaintiff TOM.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

o.  Supervisor GONZALEZ would constantly touch Plaintiff TOM all over his body and unzip his pants.

p.  Supervisor GONZALEZ would visit his office at MIDO for lengthy periods of time and refuse to leave.

q.  Supervisor GONZALEZ sent nude photographs to Plaintiff TOM's phone.

r.  Supervisor GONZALEZ frequently spent long periods of time in Plaintiff's cubicle with her legs wide open and her skirt raised.

s.  Supervisor GONZALEZ placed Plaintiff's hands on her breasts.

t.  Supervisor GONZALEZ exposed her breasts to Plaintiff TOM on multiple occasions.

u.  Supervisor GONZALEZ would make inappropriate statements.

v.  When her unwanted advances were rebuffed by Plaintiff TOM, Supervisor GONZALEZ told Plaintiff TOM that he, "[W]as a pussy and probably had a small dick."

w.  Supervisor GONZALEZ's would pull Plaintiff toward her by his shirt in a sexual and flirting manner.

x.  Supervisor GONZALEZ would sit on Plaintiff's desk and act in a sexual and inappropriate behavior.  Specifically, she would sit so close to Plaintiff that his hands would touch Supervisor GONZALEZ if he moved.  Furthermore, SUPERVISOR GONZALEZ would "lean over Plaintiff, touching him and flipping her hair in a flirtatious manner."

y.  Supervisor GONZALEZ, after having breast augmentation surgery made comments to Plaintiff TOM, such as, "you did not compliment my new additions."

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

    z.   Supervisor GONZALEZ would grab Plaintiff TOM and place his hand on her breasts and say, "feel the surgery."

    aa.  Supervisor Gonzalez would use social media to stalk and show up at locations Plaintiff TOM would be at any given time. For example, in 2016 Supervisor GONZALEZ stalked Plaintiff TOM and followed him to a rock band concert in Miami, Florida.

    bb.  Supervisor GONZALEZ, in early 2017, called Plaintiff TOM into her office to talk about a case. Upon entering S Supervisor GONZALEZ's office, he closed the door at Supervisor GONZALEZ's request, Supervisor GONZALEZ pulled down her top exposing her breasts (like she had done three or four times before), and she told him "You sure you do not want this? It is all for you."

    cc.  Despite being relocated to another floor and instructed not to visit the floor where Plaintiff TOM's office was located, Supervisor GONZALEZ would often deny the instructions and visit Plaintiff TOM's office.

21.    Plaintiff TOM subjectively perceived Supervisor GONZALEZ's offensive conduct as abusive.

22.    Plaintiff TOM communicated his opposition to Supervisor GONZALEZ's unwanted advances. Specifically, he:

    a.   Rejected Supervisor GONZALEZ's flirting;

    b.   Rejected Supervisor GONZALEZ's touching.

    c.   Rejected Supervisor GONZALEZ's invitations to nightclubs.

    d.   Rejected Supervisor GONZALEZ's personal favors.

    e.   Rejected Supervisor GONZALEZ's rides to his home since Plaintiff TOM would

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

opt for taking public transportation.

 f. Confirmed to Supervisor GONZALEZ that he wanted her visits to his office to stop.

 g. Would leave his office when Supervisor GONZALEZ entered Plaintiff's office and hide in co-workers, Mario Hernandez, office to avoid Supervisor GONZALEZ's inappropriate and unsolicited behavior.

 h. Would text Mario Hernandez and Juan Nieves so that they could intervene and interrupt Supervisor GONZALEZ's visit,

 i. Attempted to cut off contact with Supervisor GONZALEZ, however, she continued to contact him, which affected his ability to get his work done.

 j. Declined her invitations to lunch.

 k. Continuously complained to various levels of management to no avail.

23. At the time, Plaintiff TOM, who was been diagnosed with PTSD, was "vulnerable" and utilized poor coping mechanisms (e.g., required new medications for anxiety and for sleep and began attending more medical appointments) when Supervisor GONZALEZ was harassing him.

24. Supervisor GONZALEZ's harassment exacerbated Plaintiff TOM's pre-existing condition of PTSD.

25. Supervisor GONZALEZ was aware of Plaintiff TOM's PTSD and used her knowledge of the symptomology of his condition to trigger him. Supervisor GONZALEZ would play "head games" with Plaintiff TOM, attempting to manipulate him to make him believe "it was all his fault."

26. Plaintiff TOM's accepted the fact that if he did not "go along" with t Supervisor GONZALEZ's unwanted conduct, she would make his life difficult and he would continue to use "poor coping mechanisms."

27. Plaintiff TOM was negatively affected as result of rejecting Supervisor GONZALEZ's

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

advances and unwanted conduct.

**B.  Retaliation**

28.     Plaintiff TOM did not solicit or incite the conduct and, instead, informed Supervisor GONZALEZ that said conduct was unwelcomed, undesirable and offensive.

29.     When Plaintiff TOM rejected Supervisor GONZALEZ's offensive conduct, Supervisor GONZALEZ retaliated against him.  Specifically:

    a.  When Plaintiff Tom rejected Supervisor GONZALEZ, she would overly scrutinize Plaintiff TOM's work.

    b.  Supervisor GONZALEZ would punish Plaintiff TOM if he spoke to other female employees at work.

    c.  Supervisor GONZALEZ informed other employees of the claim of discrimination Plaintiff filed against her, instructing staff not to speak with him because of his complaint and, thereby, orchestrating the staff to ostracize Plaintiff TOM.

    d.  Supervisor GONZALEZ disinvited Plaintiff from a farewell party for a colleague called to service in Afghanistan. Specifically, Supervisor GONZALEZ instructed Juan Nieves not to invite his friends [Plaintiff and Mario Hernandez].

    e.  Supervisor GONZALEZ filed an EEO complaint in February 2018, alleging that she has being subjected to retaliation and harassment since 2012 (when she was promoted to a supervisor position) by Supervisors Wright, Caddle and Ricardo.

    f.  Supervisor GONZALEZ would monitor Plaintiff TOM's and Mario Hernandez's time and reported on them to their supervisors to create trouble.

    g.  Being on Supervisor Linda Byars's team, Supervisor GONZALEZ began to provide Ms. Byars with information about him such as arrival time, time taken for

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

lunch and time of exiting for the day.

h.   Supervisor GONZALEZ, on multiple occasions, attempted to speak to Plaintiff TOM after they were instructed to stay away from each other by Director Farrell.

i.   When Plaintiff TOM confirmed that he was going to tell Director Farrell about her communication attempts, Supervisor GONZALEZ threatened Plaintiff TOM by claiming that if he did not go along with her, that he would get in trouble and that he would be terminated.

j.   Supervisor GONZALEZ would access Plaintiff TOM computer and delete files and applications to leave her division.

30.   Plaintiff TOM interpreted Supervisor GONZALEZ's behavior as punishment for refusing her unwelcomed conduct.

31.   Plaintiff TOM also informed MIDO Director Michael Farrell of Supervisor GONZALEZ's unwelcomed conduct and that said actions triggered his PTSD.

32.   Director Michael Farrell did not believe Plaintiff TOM and told him the relationship appeared to be consensual.

33.   In 2016 or 2017, Director Farrell told Plaintiff he would "take care of" the issue with Supervisor GONZALEZ. Director Farrell later told Plaintiff to stay away from Supervisor GONZALEZ and report if Supervisor GONZALEZ contacted him. However, Supervisor GONZALEZ continued to contact Plaintiff despite his reports to Director Farrell.

34.   Director. Farrell told Plaintiff that the situation with Supervisor GONZALEZ preceded him and Agency Headquarters was aware of the matter.

35.   During this time, management protected Supervisor GONZALEZ and allowed her to continue to use her power and influence in the MIDO to harass, coerce, and abuse Plaintiff. In fact, Supervisor GONZALEZ would brag to Plaintiff that she was protected throughout the

**AZOY SOCORRO, LLP**

Agency. Nevertheless, MIDO management knowingly allowed Supervisor GONZALEZ's conduct to continue and did nothing to remedy or stop the situation.

36.     When Plaintiff complained about Supervisor GONZALEZ to Director Farrell and other MIDO managers, Supervisor GONZALEZ would later repeat information from these conversations and mock Plaintiff for complaining.  Supervisor GONZALEZ told Plaintiff that MIDO management did not believe him and that he was only hurting his credibility and bolstering hers by complaining. Additionally, Supervisor GONZALEZ told Plaintiff that Director Farrell and Agency Headquarters believed that his allegations were not credible.

37.     After Plaintiff TOM formerly initiated complaints to MIDO against Supervisor GONZALEZ related to her unsolicited conduct and harassment, Supervisor GONZALEZ was aware in detail of the complaints and immediately began to harass and belittle Plaintiff TOM to determine if, in fact, Plaintiff TOM formerly initiated the complaints.

38.     Plaintiff was informed by Director Farrell believed that he was the aggressor.

39.     MIDO management's response to the harassment was neither immediate nor appropriate. MIDO management failed to take any action to investigate the harassment for approximately four years while rumors/reports were circulating by MIDO's staff about Supervisor GONZALEZ's inappropriate sexual behavior in the office. Specifically:

      a. Plaintiff TOM was provided an unreasonable and overwhelming amount of cases and case load that other employees in his same position did not receive.

      b. Plaintiff TOM was passed up for promotions on three (3) separate occasions.

      c. Director Farrell never took Plaintiff's allegations seriously or investigated the allegations in a reasonably timeframe.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

d.  On or about 2016, Director Farrell misrepresented to Plaintiff TOM that he was going to send an investigator from "headquarters" to investigated his claims. Instead, Director Farrell instructed Mr. Kokenge, from MIDO, to investigate the claims, however, Director Farrell failed/refused to conduct a thorough investigation.

e.  Aside from Mr. Kokenge's investigation, Defendants took no further action to investigate the matter and failed/refused to even interview witnesses.

f.  Defendants' were aware of Supervisor GONZALEZ's harassing conduct, in general, since 2012 and refused to act to end same.

g.  Defendants never provided Plaintiff TOM with training.

h.  Defendants, including Director Farrell, Supervisor Caddle, Supervisor Ricardo, Supervisor Wright, or Mr. Kokenge, never informed Plaintiff about the EEO process and the different venues to report harassment in the MIDO.

i.  Defendants did not provide Plaintiff TOM with a claim number until approximately one (1) year after his initial investigation.

j.  Supervisor GONZALEZ was not disciplined for her egregious harassing behavior, but instead was disciplined for an inappropriate consensual sexual relationship.

40.    From 2015 to the present, Defendants were aware of Supervisor GONZALEZ's on going sexual harassment of Plaintiff TOM, and other male employees, as well as MIDO management's retaliatory conduct related to same, but took no action to stop it or prevent it from occurring.

41.    Plaintiff TOM and similarly situated employees objected to Supervisor GONZALEZ's attention, comments and conduct and repeatedly told her to "stop" or used similar

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 l Coral Gables, FL 33134 l T: (305) 340-7542 l F: (305) 418-7438 l W: www.azoysocorro.com

words to same effect.

42.     From 2015 and as a group and individually, Plaintiff TOM and similarly situated male employees each informed Supervisor Wright, Supervisor Caddle, and Supervisor Ricardo, Director Farrell and the EEO about Supervisor GONZALEZ's conduct, but nothing was done to stop her behavior or to protect Plaintiff TOM and other similar situated male employees from her.

43.     Although Supervisor Wright, Supervisor Caddle, and Supervisor Ricardo, Director Farrell and the EEO informed Plaintiff TOM and others that they would "handle it," Supervisor GONZALEZ continued to harass and alter the terms and conditions of Plaintiff TOM's Employment.

44.     Notwithstanding repeated and continuing complaints about the sexually harassing comments and conduct of Supervisor GONZALEZ, Supervisor GONZALEZ continued to sexually harass Plaintiff TOM and other male employees.

45.     Soon after his complaint in 2016, Defendants began retaliating against Plaintiff TOM because he repeatedly objected to, reported and opposed Supervisor GONZALEZ's sexually inappropriate comments and conduct.

46.     Plaintiff TOM was subjected to retaliation after filing complaints and objections (opposition to discrimination) with MIDO management regarding Supervisor GONZALEZ from 2015 to the present in the following ways:

   a. Director Farrell "chewed out" Plaintiff for revealing a photo of Supervisor GONZALEZ with her top pulled down and her breasts exposed with the Agency's ID badge;

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

b.  Director Michael Farrell continuously shamed, questioned, doubted and threatened with written reprimands regarding his claim that Supervisor GONZALEZ had subjected Plaintiff to egregious sexual harassment;

c.  Director Michael Farrell denied Plaintiff the training and assistance necessary to support Plaintiff TOM's grade promotion to the full performance of the position; thereby requiring Plaintiff to perform additional duties without an increase in salary;

d.  Plaintiff TOM was reassigned to Supervisor Byars after Supervisor GONZALEZ's unwarranted advances.  Ms. Byars attested that Supervisor GONZALEZ helped her with performance appraisals, providing some little ins or outs, and different wording to be used in the appraisals;"

e.  In mid-2018, Plaintiff TOM was removed from Ms. Byars' team, due to her friendship with SUPERVISOR GONZALEZ;

f.  In 2018, Plaintiff TOM applied for two Investigator positions, that his name appeared on the certified list, but he was not granted an interview;

g.  Plaintiff TOM was threatened with a Performance Improvement Plan (PIP);

h.  MIDO management attempted to link Plaintiff TOM's performance to him not receiving a promotion, but Plaintiff was never given a performance evaluation or guidance on what he needed to do to improve with respect to his performance;

i.  Plaintiff TOM was provided less case load;

j.  Plaintiff TOM's case load was manipulated by Defendant to form the pretext of poor performance;

k.  Plaintiff TOM was passed up for promotions, step increases and bonuses;

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

l.  Plaintiff TOM was Passed up from Investigator positions;

m.  Defendants purposely refused to provide Plaintiff TOM with any performance appraisals for years, as retaliation and to stop/deter complaints against management;

n.  Plaintiff TOM was monitored and spied on by Supervisor GONZALEZ who would inform Ms. Byars of Plaintiff TOM's arrival, break and lunch times who would then threaten Plaintiff TOM with discipline;

o.  Without investigating Supervisor GONZALEZ's actions as possible harassment, Defendants acted on the belief that there was a consensual relationship in which Supervisor GONZALEZ was the victim;

p.  Defendants ignored Plaintiff TOM's multiple requests to assist in stopping the unwanted sexual advances by Supervisor GONZALEZ;

q.  Defendants, despite being aware of Plaintiff's resistance to his supervisor's sexual advances and unwarranted conduct since approximately 2015, failed and/or refused to take immediate and reasonable actions to protect him from Supervisor GONZALEZ's constant and multiple attempts to rebuff her offensive conduct;

r.  Defendants disciplined, belittled and ostracized Plaintiff TOM;

s.  Defendants denied Plaintiff TOM promotions and hindered his ability to advance his career within and outside the EEOC;

t.  Plaintiff TOM was continuously shamed, questioned and doubted by MIDO management regarding his claim that Supervisor GONZALEZ subjected him to sexual harassment;

u.  Defendants were aware that Supervisor GONZALEZ was using her position of

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

power to coerce and abused Plaintiff TOM since 2015 but did nothing to stop or remedy the situation;

v.  MIDO management would refuse to approve Plaintiff TOM's cases;

w.  MIDO management would require Plaintiff HERNANEZ to redraft documents, then eventually approve the original versions of the documents;

x.  MIDO management would physically remove cases from Plaintiff TOM's inventory, then place the cases back in Plaintiff TOM's inventory, all with the purpose of negatively affecting his statistics;

y.  MIDO management would backdate items in Plaintiff TOM's inventory and make him responsible for "aged" cases;

z.  MIDO management would approve cases if Plaintiff TOM had another employee submit them or if he waited until the end of the year to submit them;

aa.  MIDO management would return his cases for minor issues in an attempt to reduce his productivity, and

bb.  MIDO management would manipulate his inventory and, as a result, would often threaten Plaintiff TOM that he would be placed on a PIP.

47.  The retaliation affected the terms and conditions of Plaintiff TOM's employment as outlined above.

48.  Prior to his complaint of Supervisor GONZALEZ, Plaintiff TOM was a good Investigator Support Assistant with no documented record evidence that his performance was poor.

49.  Prior to his Complaint of Supervisor GONZALEZ, there is no evidence in the record that Plaintiff TOM was disciplined or placed in a PIP.

50.  After his complaint of Supervisor GONZALEZ and in addition to the forgoing,

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

Defendants altered Plaintiff TOM's workload so that he was precluded from coding cases in the IMS system to remove aged inventory from his workload.  The result was that a massive aged inventory of cases were left on Plaintiff's system until MIDO management removed them. Other employees in Plaintiff TOM's same position did not have this restriction and were able to remove the cases on their own and without need of MIDO management to intervene.

51.     As a result of the retaliation, Plaintiff TOM's demeanor changed as he became more withdrawn, less energetic, experienced difficulty concentrating.   In addition, Plaintiff TOM suffered from loss of credibility and a damaged professional reputation. Plaintiff TOM's work was overly scrutinized to the point that he second guessed his every move.

52.     As a result of the retaliation, Plaintiff TOM earned less money.

53.     In early 2017, Defendant's management became aware of Plaintiff TOM's investigation with the EEO and intention to take legal action due to Defendant's failure to protect him from Supervisor GONZALEZ.

54.     Defendants attempted to constructively terminate Plaintiff TOM between 2017 and 2018 in retaliation for his repeated complaints about and objections to the sexual harassment to which he was subjected and his intention to take legal action for Defendant's failure to redress his complaints.

55.     Any remedial action taken by Defendants related to Plaintiff TOM's, as well as other similar situated male employees, claims was never prompt or reasonably calculated to end the harassment.

56.     Given the duration and nature of the conduct, it is apparent that Plaintiff TOM's work environment was objectively hostile and that Plaintiff TOM subjectively believed the environment was hostile and abusive.

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

57.     Defendants' actions from 2015 to the present, would clearly deter a reasonable person from opposing discriminatory harassment.

58.     As of the filing of this pleading, Supervisor GONZALEZ remains employed by Defendants.

59.     As a result of the foregoing, Plaintiff TOM and similarly situated male employees suffered damages.

**CLAIMS FOR RELIEF**
**(Harassment based on Sex)**

**(Title VII of the Civil Rights Act of 1964,**
**U.S.C. §§ 2000(e), et. Seq.)**

60.     Plaintiff TOM incorporates by reference the allegations in all preceding paragraphs.

61.     Plaintiff TOM, a member of a protected class (male), brings this claim on his own behalf and on behalf of all similar situated male employees of MIDO.

62.     On a continuing basis since at least 2012, Defendants were aware that Supervisor GONZALEZ, his direct supervisor, subjected Plaintiff TOM to unwelcome conduct related to his sex, male, including sexual advances, requests for favors, or other verbal or physical conduct of a sexual nature location in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a). Specifically, Defendants were aware that Supervisor GONZALEZ subjected Plaintiff TOM to unwelcome conduct related to his sex as outlined in paragraphs 3 to 59, above.

63.     The harassment and unlawful employment practices suffered by Plaintiff TOM were based on his sex, male.

64.     The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 27 above was sufficiently severe and pervasive and had the purpose and effect of unreasonably interfering with the work environment and/or creating an intimidating,

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

hostile or offensive work environment.

65.     The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 27 above has been to deprive Plaintiff and similarly situated male employees who worked at United States Equal Employment Opportunity Commission Miami District Office since at least 2015 of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, male.

66.     The unlawful employment practices complained of in 16 through 27 above were intentional and caused Plaintiff TOM and similarly situated males who worked at Defendant's Miami District Office to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or personal stress and mental and physical pain and suffering

67.     The unlawful employment practices complained of in 16 through 27 above were intentional and caused Plaintiff TOM and similarly situated males who worked at Defendant's Miami District Office to lose earnings, compensation and income including, but not limited to, back-pay.

68.     The unlawful employment practices complained of in 16 through 27 above were engaged in with malice or with reckless indifference to the federally protected rights of Plaintiff TOM and similarly situated males employed by Defendants.

69.     The unlawful employment practices complained of in 16 through 27  above form the basis for imputing liability on Defendants as Defendants were aware of the harassment and unlawful employment practices since 2012 and failed to take any prompt and/or reasonable action to end the harassment.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

## CLAIMS FOR RELIEF
### (Retaliation/Retaliatory Harassment)

### (Title VII of the Civil Rights Act of 1964,
### U.S.C. §§ 2000(e), et. Seq.)

70.     Plaintiff TOM incorporates by reference the allegations in all preceding paragraphs.

71.     Plaintiff TOM, at all times material hereto, undertook protected conduct when he complained to Supervisor GONZALEZ and Defendants about the unwanted conduct as outlined in paragraphs 3 to 59, above.

72.     As a result thereof, Defendants took a material adverse action against Plaintiff TOM.  Specifically, Defendants retaliated against Plaintiff TOM outlined in paragraphs 28 to 59, above.

73.     Acausal nexus exists between Plaintiff TOM's undertaking of the protected conducted complained of in paragraphs 28 to 59, above and the material adverse action taken by Defendants against him.

74.     Defendants continued to ignore Supervisor GONZALEZ's harassment of Plaintiff TOM and, after he ultimately acknowledge the relationship, which Plaintiff TOM claimed was nonconsensual, and reported Supervisor GONZALEZ's conduct, Defendants subjected him to adverse treatment.

## CLAIMS FOR RELIEF
### (Harassment based on Sex)

### Harassment in Violation of
### The Florida Civil Rights Act
### of 1992, FLA. STAT. 760 ET SEQ

75.     Plaintiff TOM incorporates by reference the allegations in all preceding paragraphs.

76.     Plaintiff TOM, a member of a protected class (male), brings this claim on his own behalf and on behalf of all similar situated male employees of MIDO.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

77.     On a continuing basis since at least April 2012, Defendants were aware that Supervisor GONZALEZ, his direct supervisor, subjected Plaintiff TOM to unwelcome conduct related to his sex, male, including sexual advances, requests for favors, or other verbal or physical conduct of a sexual nature location in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a).  Specifically, Defendants were aware that Supervisor GONZALEZ subjected Plaintiff TOM to unwelcome conduct related to his sex as outlined in paragraphs 1 to 27, above.

78.     The harassment and unlawful employment practices suffered by Plaintiff TOM were based on his sex, male.

79.     The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 27 above was sufficiently severe and pervasive and had the purpose and effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile or offensive work environment.

80.     The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 27 above has been to deprive Plaintiff and similarly situated male employees who worked at United States Equal Employment Opportunity Commission Miami District Office since at least 2012 of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, male.

81.     The unlawful employment practices complained of in 16 through 27 above were intentional and caused Plaintiff TOM and similarly situated males who worked at Defendant's Miami District Office to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or personal stress and mental and physical pain and suffering.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

82.     The unlawful employment practices complained of in 16 through 27 above were intentional and caused Plaintiff TOM and similarly situated males who worked at Defendant's Miami District Office to lose earnings, compensation and income including, but not limited to, back-pay.

83.     The unlawful employment practices complained of in 16 through 27 above were engaged in with malice or with reckless indifference to the federally protected rights of Plaintiff TOM and similarly situated males employed by Defendants.

84.     The unlawful employment practices complained of in 16 through 27  above form the basis for imputing liability on Defendants as Defendants were aware of the harassment and unlawful employment practices since 2012 and failed to take any prompt and/or reasonable action to end the harassment.

**CLAIMS FOR RELIEF**
**<u>(Retaliation/Retaliatory Harassment)</u>**

**<u>Retaliation in Violation of</u>**
**<u>The Florida Civil Rights Act</u>**
**<u>of 1992, FLA. STAT. 760 ET SEQ</u>**

85.     Plaintiff TOM incorporates by reference the allegations in all preceding paragraphs.

86.     Plaintiff TOM, at all times material hereto, undertook protected conduct when he complained to Supervisor GONZALEZ and Defendants about the unwanted conduct as outlined in paragraphs 3 to 59, above.

87.     As a result thereof, Defendants took a material adverse action against Plaintiff TOM.  Specifically, Defendants retaliated against Plaintiff TOM outlined in paragraphs 28 to 59, above.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

88.     Acausal nexus exists between Plaintiff TOM's undertaking of the protected conducted complained of in paragraphs 28 to 59, above and the material adverse action taken by Defendants against him.

89.     Defendants continued to ignore Supervisor GONZALEZ's harassment of Plaintiff TOM and, after he ultimately acknowledge the relationship, which Plaintiff TOM claimed was nonconsensual, and reported Supervisor GONZALEZ's conduct, Defendants subjected him to adverse treatment.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff ROBERT TOM respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting male employees to unwelcome, sexually graphic and vulgar sexual harassment and retaliation for opposing such harassment;

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for male, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendants to make whole Plaintiff TOM and similarly situated males, by providing restitution and compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 1 through 59 above, in amounts to be determined at trial;

D.     Order Defendants to make whole Plaintiff TOM and similarly situated male employees, by providing full restitution and compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 1 through 59 above, in amounts

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

to be determined at trial;

  E. Order Defendant full restitution or compensation for loss of personal and sick leave, and for all retirement benefits

  F. Order Defendants to pay Plaintiff TOM and similarly situated males punitive damages for its malicious and reckless conduct described in 1 through 59 above, in amounts to be determined at trial;

  G. Order Defendants to reassign Plaintiff to another first- and second-line supervisor within the MIDO's jurisdiction.

  H. Order Defendants to issue Plaintiff's promotion.

  I. Order Defendants to pay Plaintiff TOM and similarly situated males for any benefits including, but not limited to, sick leave, annual leave, or leave without pay taken as a result of the alleged discriminatory or retaliatory harassment.

  J. Order Defendants to confirm that Plaintiff TOM's leave restriction has been lifted and remove any documentation concerning the leave restriction from Plaintiff's personnel records.

  K. Order the appropriate and necessary posting related to the claims herein.

  L. Order Defendants to restore Plaintiff TOM's flexible schedule and telework consistent with Agency policy and provisions of the Collective Bargaining Agreement.

  M. Order Defendants to remove any documentation concerning Plaintiff TOM's current PIP or references thereto from Plaintiff's personnel file.

  N. Order Defendants to forward information regarding its veteran's advocacy group (Veteran Employees Serving Together) (VETS) to the Plaintiff TOM regarding any further developments as it becomes available.

  O. Order Defendants to consider taking disciplinary action against Supervisor

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

GONZALEZ.   In determining the appropriate disciplinary action, the Agency must consider Supervisor GONZALEZ egregious misconduct and 29 CFR 1604 (EEOC's Zero Tolerance Policy).

P.      Award Plaintiff her costs of this action, including reasonable attorneys' fees under 42 U.S.C.A. § 2000e-5; Fla. Stat. § 760.11 (2004); and 42 U.S.C.A. §§ 12203 and 12205; and pre-judgment interest, and

Q.      Grant such further relief as the Court deems necessary and proper in the public's interest.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

__/s/ José A. Socorro_____
**JOSÉ A. SOCORRO, ESQ.**
Florida Bar No.: 011675
**RALPH AZOY, ESQ.**
Florida Bar No.: 92695
**DAVID M. FRAGUIO, ESQ.**
Florida Bar No.: 1016475
AZOY SOCORRO, LLP
*Attorneys for Plaintiff*
2020 Ponce de Leon Blvd., Suite 1008
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com;
        ralph@azoysocorro.com
        david@azoysocorro.com

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com