United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Robert Tom, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22726-Civ-Scola |
| Equal Employment Opportunity | ) |
| Commission and Janet Dhillon, *in* | ) |
| *her official capacity*, Defendants. | ) |

### Order on Motion to Dismiss

This matter is before the Court upon the Defendants' motion to dismiss the Plaintiff's complaint. For the reasons stated below, the Court **grants** the Defendants' motion. (**ECF No. 12**.)

1. **Background**

This matter arises from alleged sexual harassment the Plaintiff suffered while an employee of the Equal Employment Opportunity Commission ("EEOC"), at the hands of his supervisor, Katherine Gonzalez. As a result of this conduct, the Plaintiff brings four causes of action against the Defendants Janet Dhillon, in her official capacity as Chair of the EEOC, and the EEOC itself. Counts I and II of the Plaintiff's complaint seek relief under Title VII of the Civil Rights Act of 1964, and Counts III and IV seek relief under the Florida Civil Rights Act of 1992.

2. **Legal Standard**

    A. **Motion to Dismiss**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal

punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### B. Shotgun Pleading

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading."). The Eleventh Circuit has identified four rough types of shotgun pleadings: 1) "the most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; 2) a complaint that commits the "venial sin" of being replete with conclusory, vague, and immaterial facts; 3) a pleading that fails to separate into a different count each cause of action; and 4) where a plaintiff asserts multiple claims against multiple defendants but fails to specify which defendants the respective claims are brought against. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

## 3. Analysis

### A. EEOC and Florida Civil Rights Act Claims

At the outset, the Court agrees with several unrebutted arguments raised by the Defendants in their motion. First, the Defendants note in their briefing that under Title VII of the Civil Rights Act of 1964 a plaintiff may only sue the "head of the department, agency, or unit" that allegedly discriminated against the plaintiff. *Laurent v. Potter*, 405 F. App'x 453, 455 (11th Cir. 2010) ("[t]he district did not commit plain error in dismissing [the other defendant's] from [the plaintiff's] Title VII complaint because Potter, the head of the agency, was the only proper defendant."); *see also Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983) (same). The Defendant failed to rebut this argument in his

briefing. In light of the Eleventh Circuit's clear precedent, the Court finds the EEOC is not a proper party to this action.

Second, the Defendants argue in their briefing that the Plaintiff's Florida Civil Rights Act claims are improper as Title VII is the exclusive remedy for a federal employee to bring discrimination claims against its federal employer. Indeed, in *Brown v. General Services Administration*, the Supreme Court stated the Civil Rights Act of 1964 "provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976). The Eleventh Circuit has reaffirmed this principle. *See Canino*, 707 F.2d at 472. While the Plaintiff argues that the Court can exercise its power of supplemental jurisdiction over the Plaintiff's state law claims, the Plaintiff's arguments miss that Title VII is the *exclusive* remedy pursuant to which a federal employee can sue its federal employer for employment discrimination.

In light of the above, the Court **dismisses with prejudice** all claims against the Defendant the EEOC. The Court also **dismisses with prejudice** Counts III and IV of the complaint. A Court may dismiss a cause of action with prejudice "where further amendments would be futile." *Stewart v. Spirit Airlines, Inc.*, No. 11-60284-Civ, 2012 WL 12888567, at 1* n.2 (S.D. Fla. Jan. 27, 2012) (discussing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999), *report and recommendation adopted*, 2012 WL 12888568 (S.D. Fla. Feb. 24, 2012). As any attempts by the Plaintiff to amend its complaint with respect to its state law claims or with respect to claims raised against the EEOC would be futile, dismissal with prejudice is appropriate.

### B. Shotgun Pleading

Next, the Defendants argue that the Plaintiff's complaint is an impermissible shotgun pleading that must be dismissed because it sets forth a number of irrelevant and immaterial facts and reincorporates all preceding paragraphs into each successive count of the complaint. (ECF No. 12, at 2.) The Plaintiff responds that his complaint "does not incorporate one count into the next . . . what it does is use some of the same and general allegations in all the [c]ounts, as they are all relevant to each [c]ount." (ECF No. 19, at 4.)

Upon review, the Court agrees with the Defendant that the complaint is the "most common type" of shotgun pleading, as discussed by the Eleventh Circuit in *Weiland. See* 792 F.3d at 1321-23. The Plaintiff's complaint, in the remaining Counts I and II, states that the "Plaintiff . . . incorporates by reference the allegations in all preceding paragraphs." (ECF No. 1, at ¶¶ 60, 70.) While the Plaintiff does try to give the Court and Defendants some direction by pointing the Court and the Defendants to "paragraphs 3 to 59" and

"paragraphs 16 through 27" as further support for Count I, and by pointing to "paragraphs 3 to 59" and "paragraphs 28 to 59" as further support for Count II, these statements are insufficient to cure the complaint's deficiencies. (*See* ECF No. 1, at ¶¶ 60-74.) Paragraphs 1 and 2 of the complaint discuss the Court's jurisdiction and venue, so pointing the Court and the Defendants to paragraphs 3 through 59 of the complaint, when Count I begins at paragraph 60, essentially points the Court and the Defendants to the entirety of the complaint's general allegations. While the Plaintiff does also point the Court to a smaller universe of allegations in each of Count I and Count II, as plead, the Court is left guessing whether any particular allegations from paragraphs 3 through 15 or 28 through 59 support Count I (as the Plaintiff states in two places), or if the Plaintiff instead intended to limit the facts supporting Count I to the allegations set forth in paragraphs 16 to 27 (as the Plaintiff states in five places). Count II suffers from the same deficiency.

The Court therefore **dismisses without prejudice and with leave to amend** Counts I and II of the complaint. The Plaintiff would be well advised in his amended complaint to clearly and chronologically lay out the dates of any alleged incidents of sexual harassment. Clear organization in a forthcoming amended complaint will help to reduce the number of repetitive and vague allegations and allow the Court and the remaining Defendant to more easily review the Plaintiff's claims. The Court also notes that the Plaintiff's initial complaint is filed on behalf of himself "and similarly situated male employees," and therefore appears to be a class action complaint. If the Plaintiff intends to file a class action lawsuit, the Plaintiff must make that clear in his complaint, provided the Plaintiff can satisfy Federal Rules 11 and 23. If the Plaintiff does not intend to file a class action lawsuit, the Plaintiff should make clear that he is asserting his claims on behalf of himself only.

### 4. Conclusion

In sum, the Court **grants** the Defendants' motion to dismiss. (**ECF No. 12**.) The Plaintiff is directed to file his amended complaint by **March 15, 2021**.

**Done and ordered**, at Miami, Florida, on March 1, 2021.

Robert N. Scola, Jr.
United States District Judge